Filed 12/18/23  P. v. Smith CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061771 |
| v. | (Super. Ct. No. FWV035340) |
| TERRYANCE ACEY SMITH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Ingrid Adamson Uhler, Judge.  Affirmed.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Terryance Acey Smith appeals from a judgment after the trial court resentenced him. Smith argues the court erred by denying his request to strike one strike pursuant to Penal Code section 1385[1] as amended by Senate Bill No. 81 (2021-2002 Reg. Sess.) (SB 81). We disagree and affirm the judgment.

FACTS

In 2006, a jury convicted Smith of 33 felony counts: 13 counts of robbery (§ 211), 14 counts of false imprisonment (§ 236), and six counts of dissuading a witness (§ 136.1, subd. (c)(1)). As to all the counts, the jury found true that Smith was a principal armed with a firearm under section 12022, subdivision (a)(1). At a bench trial, the trial court found four strike allegations to be true. The court sentenced Smith to prison for 380 years 8 months to life. We affirmed. (*People v. Smith* (Dec. 29, 2008, G040872) [nonpub. opn.].)

In 2014, Smith filed a petition for resentencing under section 1170.126. The trial court denied the petition reasoning section 1170.126 did not apply and Smith was ineligible for resentencing. We reversed and remanded for further proceedings because Smith was not ineligible for resentencing based on an intervening decision from our Supreme Court, *People v. Johnson* (2015) 61 Cal.4th 674. (*People v. Smith* (Jan. 15, 2016, G050533) [nonpub. opn.].)

In 2019, Smith filed a petition for writ of habeas corpus arguing among other things he was entitled to resentencing pursuant to *People v. Vargas* (2014) 59 Cal.4th 635. At a hearing where Smith was not present because he was not transported due to the coronavirus disease 2019, the trial court accepted the prosecution's concession that *Vargas* applied and ruled it would consider the case "a two-strike case." The court resentenced Smith to 42 years 4 months in prison. (*People v Smith* (Dec. 14,

---

[1] All further statutory references are to the Penal Code.

2

2021, G059572) [nonpub. opn.].)  We reversed and remanded for the court to strike one of the strikes and resentence Smith.  (*Ibid.*)

On remand, at a hearing where Smith appeared remotely, the trial court indicated recent sentencing legislation "dramatically affects [Smith's] state prison commitment."  The court's indicated prison sentence was 32 years 8 months.  Although Smith was represented by counsel, Smith orally moved to dismiss his juvenile strike adjudication pursuant to SB 81, among other things.  The court denied the request but continued the matter for Smith to file points and authorities on various issues Smith raised.  The parties filed papers.

At a hearing where Smith again appeared remotely, the trial court indicated it had read and considered the parties' papers.  The court repeated its indicated sentence.  Smith's counsel stated Smith wanted to be present for resentencing.  The court continued the case for Smith to be present.

With Smith present, the trial court repeated it had read and considered the parties' papers.  The court struck three of the four strike convictions.  It denied Smith's oral motion to strike the remaining juvenile adjudication pursuant to SB 81.  It also struck the section 12022, subdivision (a)(1), enhancements.  The court sentenced Smith to 32 years 8 months in prison.

DISCUSSION

"'""We first examine the statutory language, giving it a plain and commonsense meaning.  We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment.  If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.""'"  [Citation.]  Issues of statutory

3

construction are reviewed de novo. [Citation.]" (*People v. Brown* (2023) 14 Cal.5th 530, 536.)

Section 1385, subdivision (a), authorizes the trial court in furtherance of justice to order an action dismissed. "This authority . . . includes the power to 'strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony . . . .' [Citation.]" (*People v. Burke* (2023) 89 Cal.App.5th 237, 242 (*Burke*).)

Effective January 1, 2022, SB 81 amended section 1385 to add mitigating factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.) Section 1385, subdivision (c), states as follows: "(1) Notwithstanding any other law, the court shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal of that *enhancement* is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the *enhancement*, unless the court finds that dismissal of the *enhancement* would endanger public safety." (Italics added.)

*Burke, supra,* 89 Cal.App.5th 237, addressed the identical issue and is instructive. That court explained that when a statutory scheme does not define a word, the word is to be interpreted under its "'established legal or technical meaning.'" (*Id*. at p. 243.) The court stated section 1385, subdivision (c), "expressly applies to the dismissal of an 'enhancement.'" (*Id*. at p. 243.) The court explained "'enhancement'" has the following "well-established technical meaning in California law"—"'"an additional term of imprisonment added to the base term."'" (*Ibid*.) Drawing a distinction, the *Burke* court stated, "It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense.

4

[Citations.]" (*Ibid*. [we presume Legislature aware of and acquiesced in definition and law].) The court concluded as follows: "The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement. We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (*Ibid*.) We find *Burke* well supported and well reasoned and follow it here.

Citing to section 1385, subdivision (c)(2)(G), Smith asserts his juvenile adjudication was an enhancement. That provision states, "The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case." Relying on the Legislature's use of "juvenile adjudications," Smith claims "the Legislature intended the term 'enhancement,' . . . to refer to 'juvenile adjudications' of 'strikes,' such as [the one he] suffered . . . ." Smith misinterprets that provision's plain language. The Legislature's use of "juvenile adjudications" refers to the prior offense *that triggers* the enhancement the court is considering dismissing. (§ 1385, subd. (c)(2)(G).) As we explain above, an enhancement is a legal term of art that does not include a strike.

5

DISPOSITION

The judgment is affirmed.


                                        O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


SANCHEZ, J.